GARRISON, Judge.
On August 16, 1985, at approximately 3:45 p.m., the plaintiff, Rushton Barrosse, was driving his car on St. Charles Avenue in New Orleans in the uptown direction. One of the defendants, Catherine Monsted, was also driving a car on St. Charles Avenue in the uptown direction at the same time. As these parties approached the intersection of St. Charles Avenue and State Street, Monsted attempted to turn right onto State Street when her car was struck from behind by the Barrosse vehicle. The Barrosse vehicle was traveling in the parking lane at the time of the accident. Although Barrosse claimed that he also was attempting to turn right onto State Street at the time of the accident, other testimony was offered at trial to show that Barrosse was traveling too quickly to be attempting a right turn and, therefore, was attempting to pass other cars on the right when his vehicle struck the Monsted vehicle.
Barrosse filed suit for damages against Catherine Monsted, a minor at the time of the accident; Jessie Monsted, mother of Catherine Monsted; United Services Automobile Association, the liability insurer of Catherine Monsted; and Travelers Insurance Company, Barrosse’s uninsured/underinsured motorist insurer. In his suit, Barrosse claimed that the sole and proximate cause of the accident in question was the negligence of Catherine Monsted. Following trial on the merits, the jury found that Catherine Monsted was not negligent in this accident. Accordingly, the trial judge rendered judgment, without written reasons, in favor of defendants Catherine Monsted, Jessie Monsted and United Services Automobile Association and against the plaintiff, Rushton Bar-rosse, dismissing plaintiffs suit at his costs. Expert fees were also assessed to the plaintiff. Plaintiff then filed motions for judgment notwithstanding the verdict and/or for new trial which were both denied by the trial judge. Plaintiff now appeals.
On appeal, the appellant argues that the jury’s verdict that he was completely at fault in the accident was erroneous and should be reversed. In this case, the evidence included testimony from, among others, the two parties to the accident, an eyewitness, and specialists in accident reconstruction hired by each party.
The appellant testified that he pulled his car into the parking lane as he approached the intersection of St. Charles Avenue and State Street and signaled that he was going to make a right turn when Monsted turned in front of him causing him to hit the rear bumper of the Monsted vehicle. Raymond Burkhart, Jr., the accident reconstruction specialist hired by appellant and certified as an expert at trial, testified that he estimated that appellant was traveling between twenty-five and thirty miles per hour at the time of the accident. The speed limit on St. Charles Avenue is thirty-five miles per hour. Burkhart also estimated that appellant traveled in the parking lane for approximately sixty-five feet before reaching the intersection.
Appellee, Catherine Monsted, testified that she was driving in the traveling lane and that she pulled into the parking lane shortly before reaching the intersection of St. Charles Avenue and State Street in order to make a right turn at which time her vehicle was struck from behind by the Barrosse vehicle. Ross Mocklin, the accident reconstruction specialist hired by ap-pellees and certified as an expert at trial, testified that he estimated that the Bar-rosse vehicle was traveling thirty-five miles per hour at the time of the accident. He also estimated that appellant was driving in the parking lane for a minimum of fifty feet before the -intersection and probably for 150 feet before the intersection. Based *1070 on his estimate of the speed of the Bar-rosse vehicle at the time of the accident, Mocklin opined that appellant was not attempting a right turn at the time of the accident; rather, he was attempting to pass the other vehicles on the right.
The eyewitness, Christopher Croley, testified that he was a passenger in a car traveling toward the river on State Street near its intersection with St. Charles Avenue at the time of the accident. He testified that Monsted was in the traveling lane when she attempted the right turn onto State Street. Croley stated that he initially thought that appellant was attempting to pass on the right at the time of the accident but was assured by appellant after the accident that he was attempting to make a right turn.
New Orleans Municipal Code Ordinance Number 3816, Section 38-36 states:
“The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions.
(1) When the vehicle overtaken is making or about to make a left turn;
(2) Upon a one-way street, or upon a highway on which traffic is restricted to one direction of movement where the highway is free from obstructions and of sufficient width for two or more lines of moving vehicles;
(3) Upon multiple-lane highways and divided highways.
The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main travelled portion of the highway.”
The evidence at trial established that the area of St. Charles Avenue near State Street has only one traveling lane and one parking lane on each side. Therefore, in that area of St. Charles Avenue, passing on the right is only allowable if the vehicle to be overtaken is attempting to make a left turn.
New Orleans Municipal Code Ordinance 3816, Section 38-91 states:
“Where parking is permitted in a lane of traffic immediately adjacent to the curb, no vehicle shall travel in such lane of traffic except for the purpose of stopping or parking, or for the purpose of making a turn, and when making a turn, only within fifty feet (50') from the intersection where the turn is to be made.”
In this case, the jury evaluated the credibility of the witnesses and apparently chose to believe the evidence showing that appellant had been traveling in the parking lane for more than fifty feet before reaching the intersection, that he was attempting to pass on the right at the time of the accident, and that Monsted had entered the parking lane to make her right turn. The fact finder is in the best position to evaluate the credibility of the witnesses. Because their conclusion that Catherine Monsted was not negligent in this accident is a reasonable one, it will not be disturbed on appeal. Therefore, this assignment of error is without merit.
The appellant also argues that the written interrogatories presented to the jury were defective because the jury did not have to consider the doctrine of comparative negligence if they affirmatively answered the first interrogatory, i.e. that Catherine Monsted was not negligent in the accident. Because there is no evidence in the record that appellant’s counsel objected to the special interrogatory form before the jury retired, appellant waived his right to raise this issue on appeal. St. Pierre v. General American Transportation Corporation, 360 So.2d 595 (La.App. 4th Cir.1978), writ denied at 362 So.2d 1386 (La.1978). Therefore, this assignment of error is without merit.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.